IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KRISTI KAE KIEFER )<br>)<br>    Plaintiff, )<br>)<br>  -vs- )<br>)<br>ANDREW M. SAUL, )<br>)<br>    Defendant. ) | Civil Action 19-547 |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Kristi Kae Kiefer ("Kiefer") seeks review of a decision denying her claim for disability insurance benefits ("DIB") and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 423, 1382c. Although Kiefer alleges an onset of disability of October 7, 2006, the relevant period at issue begins on January 28, 2011. (R. 497)[1] Her claim was denied initially. Following a hearing during which Kiefer, her mother and a vocational expert ("VE") appeared and testified, the ALJ denied benefits. Ultimately this appeal followed. The parties have filed Cross Motions for Summary Judgment. *See* ECF Docket Nos. 13 and 15. For the reasons set forth below, the ALJ's decision is affirmed.

### Opinion

---

[1] As the ALJ noted, the decisions rendered with respect to Kiefer's prior disability applications are final and binding. Further, because this claim involves the same parties and legal questions, *res judicata* applies to the periods previously adjudicated. Consequently, the period at issue here begins on January 28, 2011, the day after the previous ALJ decision denying benefits. (R. 497)

1

1. <u>Standard of Review</u>

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery*

2

*Corp.*, 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. The ALJ's Decision

The ALJ denied benefits at the fifth step of the analysis. More specifically, at step one, the ALJ found that Kiefer has not engaged in substantial gainful activity since the alleged onset date. (R. 499) At step two, the ALJ concluded that Kiefer suffers from the following severe impairments: substance abuse, affective disorder, anxiety disorder, personality disorder, post-traumatic stress disorder and liver disease. (R. 499) At step three, the ALJ determined that Kiefer did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 499-501) Between steps three and four, the ALJ decided that Kiefer had the residual functional capacity ("RFC") to perform light work with certain restrictions. (R. 501-506) At the fourth step of the analysis, the ALJ concluded that Kiefer was unable to perform her past relevant work. (R. 506-507) Ultimately, at the fifth step of the analysis, the ALJ concluded that, considering Kiefer's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that she could have performed. (R. 507-508)

III. Discussion

(1) Medical Opinions

Kiefer urges that the ALJ failed to evaluate the medical opinion evidence in accordance with regulations and case law. The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 404.1527(c)(1).[2] In addition, typically the ALJ will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such a consultative examinations or brief hospitalizations." *Id.* § 404.1527(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only when an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* Unless a treating physician's opinion is given controlling weight, the ALJ must consider all relevant factors that tend to support or contradict any medical opinions of record, including the patient / physician relationship; the supportability of the opinion; the consistency of the opinion with the record as a whole; and the specialization of the provider at issue. *Id.* § 404.1527(c)(1)-(6). "[T]he more consistent an opinion is with the

---

[2] Although the regulations governing the evaluation of medical evidence have been amended, the version effective March 27, 2017 does not apply to the present claim. See 20 C.F.R. § 404.1527 (2017); 20 C.F.R. § 404.1520c (2017).

4

record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id*. §

404.1527(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third

Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where … the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r. of Soc. Sec. Admin*., 403 Fed. Appx. 679, 686 (3d Cir. 2010). The

ultimate issue of whether an individual is disabled within the meaning of the Act is for

the Commissioner to decide. Thus, the ALJ is not required to afford special weight to a

statement by a medical source that a claimant is "disabled" or "unable to work." See 20

C.F.R. § 404.1527(d)(1), (3); *Dixon v. Comm'r. of Soc. Security*, 183 Fed. Appx. 248,

251-52 (3d Cir. 2006) ("[O]pinions on disability are not medical opinions and are not

given any special significance.")

Although the ALJ may choose whom to credit when faced with a conflict, he

"cannot reject evidence for no reason of for the wrong reason." *Diaz v. Comm'r. of Soc.

Sec.*, 577 F.3d 500, 505 (3d Cir. 2009). The ALJ must provide sufficient explanation of

his final determination to provide a reviewing court with the benefit of the factual basis

underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir.

1981). In other words, the ALJ must provide sufficient discussion to allow the court to

determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r. of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008).

After careful consideration, I find that the ALJ's assessment of the medical opinions is supported by substantial evidence of record. The ALJ gave significant weight to the opinions rendered by psychological consultative examiners Dr. Martin Meyer and Dr. Stacey Golman and to state agency psychological consultant Dr. Valerie Rings. (R. 504) The ALJ explained that their opinions were supported by the medical record. This is a valid and acceptable reason for according weight. *See* 20 C.F.R. § 404.1527, § 416.927. Similarly, the ALJ explained that he gave "little weight" to the opinion offered by Dr. Mohamad Abud-Ela, a medical consultative examiner, as well as to the opinions offered by Dr. Robert Eisler and Dr. Sharon Altman, both treating sources, because those opinions were inconsistent with Kiefer's activities of daily living, were inconsistent with her longitudinal treatment records, and were inconsistent with the conservative approach to her treatment. Again, these are valid and acceptable reasons for discounting the weight accorded opinions. See 20 C.F.R. § 404.1527, § 416.927.[3] Further, I find that there is substantial evidence of record to support the ALJ's weighing of the opinions in this regard. As the ALJ noted, on recent mental status exams, Kiefer presented with fair insight, fair judgment, intact memory, organized thought processes, appropriate and organized thought content, normal speech and she denied suicidal

---

[3] Kiefer also urges that the ALJ erred with respect to his evaluation of the opinions offered by various physicians in connection with the Pennsylvania Department of Public Welfare Employability Assessment Form. I rejected this contention in my previous Order. (R. 520, n. 4) As I stated then, the ultimate decision of disability as it relates to social security claims is reserved solely for the ALJ. 20 C.F.R. §§ 404.1527, 416.927. Thus, the ALJ was not required to give these opinions, in which the physicians declared Kiefer to be "disabled" for a certain period of time, any weight or special significance. I affirm that finding now for the same reasons.

ideations. (R. 284-289, 486, 488, 489, 490, 711) Consequently, I find no basis for remand.

    (2) Residual Functional Capacity Assessment and Hypothetical Question

Kiefer also takes issue with the ALJ's RFC formulation and the hypothetical question. Kiefer's arguments are contingent upon the success of her prior argument regarding the ALJ's assessment of medical opinions. That is, Kiefer bases her arguments on the medical opinions which, as stated above, the ALJ appropriately discounted. For those reasons, Kiefer's arguments are unconvincing.

The only new argument Kiefer raises concerns the opinion rendered by Dr. Meyer. As acknowledged above, the ALJ gave Meyer's opinion "significant weight." Meyer's opinion included a finding that Kiefer has a "marked" impairment in her ability to respond appropriately to work pressures in a usual work setting. (R. 377) Kiefer reasons that because the ALJ gave Meyer's opinion "significant weight," this limitation should have been included in the RFC. However, "no rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gives the source's opinion as a whole 'significant' weight." *Wilkinson v. Comm'r. of Soc. Sec.*, 558 Fed. App'x. 254, 256 (3d Cir. 2014). Further, an ALJ is only required to accept the responses to a hypothetical that accurately reflect a claimant's impairments. See *Podedworny v. Harris*, 754 F.2d 210, 218 (3d Cir. 1984). Consequently, I am not persuaded by Kiefer's contentions that the VE responded to certain hypotheticals with answers that Kiefer would be unable to engage in substantial gainful activity. Those hypotheticals did not reflect the RFC as framed by the ALJ. Thus, I find no basis for remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTI KAE KIEFER | ) | |
|     Plaintiff, | ) | |
|   -vs- | ) | Civil Action No. 19-547 |
| | ) | |
| ANDREW M. SAUL, | ) | |
| | ) | |
|     Defendant. | ) | |

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 17th day of April, 2020, it is hereby ORDERED that the Plaintiff's Motion for Summary Judgment (Docket No. 13) is DENIED and the Defendant's Motion for Summary Judgment (Docket No. 15) is GRANTED. It is further ORDERED that the Clerk of Courts mark this case "Closed" forthwith.

                                                        BY THE COURT:

                                                        /s/ Donetta W. Ambrose
                                                        Donetta W. Ambrose
                                                        United States Senior District Judge